IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES WHITE, #N-82894,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-cv-900-JPG |
| | ) |
| **UNKNOWN DEFENDANT PRISON STAFF,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for case management. After screening Plaintiff's civil rights complaint (originally filed in Case No. 12-cv-75-JPG) pursuant to 28 U.S.C. § 1915A, this Court severed Plaintiff's mail disruption claim, which was unrelated to his feeding tube claim, into the instant action (Doc. 1). In the mail disruption claim, Plaintiff alleged that there was a continuing pattern of delay and failure to deliver his mail. However, he did not identify any responsible Defendant(s) by name.

Plaintiff was directed to notify the Court by September 17, 2012, if he did not wish to proceed with this severed case, in order to avoid incurring an additional $350 filing fee for the instant action. That deadline has now passed, and no communication of any kind has been received from Plaintiff. Therefore, the case shall remain open and Plaintiff must pay the filing fee. However, service cannot be ordered on the Unknown Party Defendant in this case until Plaintiff identifies this individual (or individuals) in a properly filed amended complaint.

Also before the Court is Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 3). Plaintiff submitted with his original complaint an affidavit stating that in the year preceding February 7, 2012, he had no income, and had no assets or cash on hand. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. Accordingly, Plaintiff's motion to proceed IFP in this case (Doc. 3) is **GRANTED**.

However, Plaintiff has not tendered an updated certified copy of his inmate trust fund account statement, to cover the six-month period immediately preceding the date this case was severed from Case No. 12-cv-75-JPG. The Clerk has requested the required statements from the Trust Fund Officer at Lawrence Correctional Center, for the period of February 1, 2012, through August 14, 2012. Following the receipt of that information, an order shall issue for the payment of the initial partial filing fee as outlined in 28 U.S.C. § 1915(b)(1). The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Lawrence Correctional Center.

In order for this matter to proceed, Plaintiff is **ORDERED** to file a First Amended Complaint, identifying by name the Unknown Defendant(s) Prison Staff responsible for the mail disruption, and including **ONLY** those allegations relevant to the mail disruption claim. The First Amended Complaint shall be filed within 45 days of the entry of this order (on or before November 5, 2012). Failure to file an amended complaint may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own without reference to any prior pleading.  In addition, Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   September 26, 2012**

                                                *s/J. Phil Gilbert*
                                                **United States District Judge**